UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILED
JAN 11 2006
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

CHRISTOPHER PARHAM,

       Plaintiff,

vs.

METZELER AUTOMOTIVE
PROFILE SYSTEMS,

       Defendant.
_____/

Civil Action No.
05-CV-74546-DT

HON. BERNARD A. FRIEDMAN

## ORDER OF DISMISSAL

This matter is presently before the court on the court's own review of the complaint. For the reasons stated below, the complaint is dismissed.

Plaintiff, who is representing himself, commenced this action by completing a Title VII complaint form. Plaintiff alleges that his former employer, defendant Metzeler Automotive Profile Systems, failed to promote him and terminated his employment. Plaintiff has checked boxes to indicate that defendant discriminated against him based on race, color and national origin. Plaintiff has also attached the following statement to the complaint:

> I fell that my civil rights were violated. I was responsible for at least fourteen automotive plants. I never complained about any work no matter how tough the job was. I had always told what to do and never complained about the amount of pressure required to complete the job. I always call the office and report all of my daily activities. I was a hard worker, and I had a good annual evaluation every year. As a Field Service Representative to Metzeler Automotive in the Quality Department, I was never ask to leave or got thrown out a plant during my seven years of service with the company only that once, in December 2003, and I don't think that was justified. Other employees of whom got thrown out of Big 3 plants and ask not come

> back are still employees of Metzeler. For instance, George Goffas was thrown out of several plants never got fired on his first offence. Craig Lidstrom, of whom I trained, and John Stanley both were ask to leave customer plants and, today, remain employees at Metzeler. I feel that it unjustified that for seven years I never caused any trouble with any of the customers and clients. Other employees were given new roles within the department with far less seniority than myself. I was a loyal employee and my termination was unfair.

Plaintiff was permitted to file his complaint without paying the filing fee. The court is required to dismiss such a complaint if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A *pro se* complaint is held "to less stringent standards than formal pleadings drafter by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such a complaint is interpreted liberally and given every reasonable benefit of the doubt. In the present case, however, no claim for race, color, or national origin discrimination has been stated. In his narrative, plaintiff explains that the basis of his claim is that (1) defendant discharged him after being "thrown out" of a plant only once, whereas other employees with greater disciplinary problems were retained; and (2) defendant gave "new roles" (presumably promotional opportunities) to other employees who had less seniority than plaintiff. Yet plaintiff does not allege that his race, color or national origin played any role in defendant's decision-making. Nor did plaintiff check the box on the complaint form to indicate that defendant discriminated against him based on his age. Under these circumstances, plaintiff has failed to state a claim under Title VII of the Civil Rights Act. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court is required to dismiss the complaint. Accordingly,

IT IS ORDERED that the complaint is dismissed.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel is denied.

Dated: 1. 9. 06
Detroit, Michigan

BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document    3
was served this date upon counsel of record
electronically and/or via first-class mail.

Patricia Foster Hommel
Secretary to Chief Judge Friedman